IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION



FILED

September 16, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 01C01-9710-CC-00476 |
| Appellee, | ) | |
| | ) | Marshall County |
| v. | ) | |
| | ) | Honorable Charles Lee, Judge |
| JEFFREY DAVID HAHN, | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |

FOR THE APPELLANT:

Julie A. Martin
P. O. Box 426
Knoxville, TN  37901-0426
(On Appeal)

Michael D. Randles
Assistant Public Defender
218 North Main
Shelbyville, TN  37160
(At Trial)

OF COUNSEL:
John Harwell Dickey
District Public Defender
105 South Main
Fayetteville, TN  37334
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN  37243-0493

Georgia Blythe Felner
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN  37243-0493

William M. McCown
District Attorney General
215 East College
Fayetteville, TN  37334-0878

Weakley E. Barnard
Assistant District Attorney General
Marshall County Courthouse
Lewisburg, TN  37091

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SPECIAL JUDGE

## OPINION

The defendant, Jeffery David Hahn, appeals as of right from the manner of service of sentence imposed by the Marshall County Circuit Court for the offenses of forgery, passing worthless checks, and failure to appear. As a result of a guilty plea, the defendant received a sentence of eight (8) years, Range II, for the offense of forgery; a sentence of two (2) years, Range II, for the offense of passing worthless checks; and a sentence of two (2) years, Range II, for the offense of failure to appear, all to run consecutively in the Department of Correction. As part of the plea agreement, the defendant requested placement in the community corrections program under Tenn. Code Ann. § 40-36-106. After a sentencing hearing, the trial court denied placement in the community corrections program. The defendant complains the trial court erred by not properly considering the defendant's eligibility for alternative sentencing in the community corrections program.

After a review of the evidence in this record, the briefs of the parties, and the applicable law, we affirm the trial court's judgment.

## FACTS

On March 20, 1996, the Marshall County Grand Jury indicted the defendant in cause no. 12805 in twenty-four (24) counts of forgery and uttering various checks of the Columbia Hearth & Home, Inc., between December 6, 1995 and December 21, 1995, totaling approximately $11,000.00. On August 21, 1996, the defendant was indicted for two counts of passing worthless checks in cause no. 12944, on June 29, 1996 for $503.90 and on July 3, 1996 for $60.90. On December 11, 1996, the defendant was indicted for the offense of failure to appear on September 18, 1996 before the Marshall County Circuit Court for an official proceeding.

## GUILTY PLEAS

On February 19, 1997, the defendant entered a plea of guilty to the offense of forgery, agreeing to a sentence of eight (8) years, Range II, in count one of cause no.

2

12805. As part of the plea agreement, counts two (2) through twenty-four (24) would be nol prosed. Also, the defendant agreed to restitution to be determined at the sentencing hearing based on all counts. The defendant stipulated on December 19, 1995 he stole a check from his employer, Mr. Frank Broom, owner of Columbia Hearth and Home, Inc., and cashed the check in the amount of $7,000. The defendant was identified as the party who cashed the check.

In cause no. 12944, the defendant agreed he passed a worthless check in the amount of $504.90, on June 29, 1996 to the Marshall Farmers Co-op. Count two (2) was nol prosed.

In cause no. 13016, the defendant entered a guilty plea to failure to appear in the Marshall County Circuit Court on September 18, 1996.

**SENTENCING HEARING**

At the sentencing hearing, the defendant testified he was 41 years old and spent some time in the U. S. Navy. The defendant was presently married and raising one child and a 17-year-old stepdaughter. The defendant had been married four times with three additional children, but had difficulty in making his child support payments. The defendant attributed this difficulty to being in jail most of the time and "games his ex-wife was playing." The defendant's present wife is unable to work due to a nerve problem. While the defendant was in jail, his wife was receiving some sort of government assistance.

If released from jail on the community corrections program, the defendant would contact Margaret Hereford, associated with a vocational rehabilitation program in Marshall County, for job training. The defendant agreed to make restitution payments beginning with $250 a month, plus $1,000 in a savings account. The defendant was sent to Middle Tennessee Mental Health Institute. The defendant testified the Institute, upon his release, would set up a case manager to work with the defendant to pay his bills, budget his money

3

and make sure he stays on his medicine. The defendant testified he was taking Paxil "for something in the head." Also, the defendant took Klonopin for seizures.

As to the offenses the defendant stated, "I admit it since I got picked up on it." The defendant agreed the offenses were his fault. The defendant agreed that for the past twenty (20) years he has been in trouble with the law, such as convictions ranging from stealing a truck in Texas, receiving three years, 14 counts of passing worthless checks in Humphreys County, bail jumping, a DUI conviction in Williamson County, and passing worthless checks in Marshall County in 1989. As for the present offenses, the defendant testified he was on a drinking binge.

In summary, the defendant testified, in his plea for an alternative sentence:

> Well, I have got a wife and kids to worry about now. I didn't before. I think after going to the–I was at Parthanon Pavillion. They did a lot of counseling with me. Then turned around and I went to Middle Tennessee; got a lot of counseling down there. I feel a lot better about myself than I did before all of this ever got started.

The presentence report in this record establishes the defendant has a substantial history of criminal convictions and behavior: (1) the defendant was convicted of larceny in Texas, in March, 1977, received a three-year sentence, and placed on parole; (2) on November 20, 1985, the defendant was convicted in Humphreys County of 17 counts of passing worthless checks, sentenced to five years on three counts in the Department of Correction and eleven months and twenty-nine days on 14 counts, and placed on probation for five years; (3) on November 16, 1987, the defendant was convicted of petit larceny, sentenced to six months, and placed on probation for one year; (4) on June 27, 1988, the defendant was convicted of DUI, sentenced to eleven months and twenty-nine days, and placed on probation after serving 48 hours; (5) on December 28, 1989, the defendant was convicted of bail jumping and sentenced to three years; (6) on December 15, 1989, the defendant was convicted of passing worthless checks in Marshall County and sentenced to six years, Range II; (7) on December 15, 1989, the defendant was convicted of passing two worthless checks and received sentences of eleven months and twenty-nine days; (8)

4

between June 26, 1991 and October 20, 1992, the defendant was arrested four times and convicted of driving on a revoked license; and (9) on October 11, 1994, the defendant was convicted of passing a worthless check and received a sentence of eleven months and twenty-nine days.

As part of the defendant's criminal history, the defendant had two periods of probation revoked.[1]

Based upon this evidence, the trial court denied placement in the community corrections program.

## DENIAL OF COMMUNITY CORRECTIONS

The defendant contends the trial court failed to consider the sentencing principles in the Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-103. The defendant argues the trial court appears to have decided this case on the basis of one problem it perceives in the criminal justice system. Further, the defendant contends the trial court failed to appropriately consider the defendant's potential for rehabilitation and treatment, since he had already begun mental health counseling and drug treatment for his alcohol and mental health problems.

The defendant must establish the burden of showing that the manner of the service of a sentence imposed by a trial court is improper. *State v. Holland,* 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). This Court must conduct a **de novo** review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). The "presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court

_____

[1]For some strange reason the defendant's parole was never revoked with numerous arrests and convictions during the parole period. It should be noted the defendant's parole expired April 3, 1995, and in less than eight months the defendant committed these offenses.

considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991). Thus, if there is no presumption of correctness, this Court conducts a **de novo** review without the presumption of correctness. *State v. Shelton,* 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992), per. app. denied (Tenn. 1993).

The defendant contends he is eligible for placement in the community corrections program under Tenn. Code Ann. § 40-36-106 (a):

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6)(c) Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

In response to the defendant's plea for an alternative sentence, the trial court found that normally the defendant would be a suitable candidate for an alternative sentence. However, the defendant was not entitled to such a presumption since the defendant was a Range II offender and facing cumulative sentences of 12 years. In denying an alternative sentence, the trial court stated:

> Would that there could be some pill we could administer to keep people form violating the law, but there is not such medication. The Court finds the defendant has failed to carry his burden of proof and with this comment, one of the reasons in this court's opinion that our criminal justice system continues to take a backward slide is that there is not certainty any more in the law. There once was a virtual certainty that a person with a record that Mr. Hahn has would go to the penitentiary if he violated the law. The mere fact this court has to conduct a sentencing hearing with such a record indicates as well as

6

apparently Mr. Hahn felt that he might have a chance at alternative sentencing, ergo there is no certainty in the law. We will continue to slip backwards with such a velocity.

Although the trial court did not articulate in its ruling the sentencing requirements of Tenn. Code Ann. § 40-35-103, it was following these requirements in spirit.  This statute in pertinent part states:

> (1)  Sentences involving confinement should be based on the following considerations:
>
> (A)  Confinement is necessary to protect society by restraining the defendant who has a long history of criminal conduct;
>
> * * * * *
>
> (C)  Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

The defendant called the court's statements a diatribe concerning the criminal justice system, but it appears more that the trial court was expressing its frustration with the defendant's total lack of personal responsibility for his actions.

In conclusion, we find from our **de novo** review that the record is adequate to support the denial of an alternative sentence under the Community Corrections Act. The judgment is affirmed.

_____
L. T. LAFFERTY, SPECIAL JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
THOMAS T. WOODALL, JUDGE


_____
JOHN H. PEAY, JUDGE